## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 06 2017, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **APPELLANTS PRO SE** | **ATTORNEY FOR APPELLEE** |
| Michelle Steege<br>Speedway, Indiana | Delbert H. Brewer<br>Greencastle, Indiana |
| Pamela Douglas<br>Muncie, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Guardianship of:<br>Phyllis Z. Tucker,<br>*an incapacitated adult,* | April 6, 2017 |
| | Court of Appeals Case No.<br>67A04-1603-GU-466 |
| Michelle Steege and<br>Pamela Douglas | Appeal from the Putnam Circuit Court |
| *Appellants-Respondents,* | The Honorable Matthew L. Headley, Judge |
| v. | Trial Court Cause No.<br>67C01-1507-GU-23 |
| Lynnette Rich, Guardian, | |
| *Appellee-Petitioner.* | |

**Robb, Judge.**

# Case Summary and Issue

[1] In February 2016, the trial court appointed Lynnette Rich guardian of the person and estate of her mother, Phyllis Tucker. Pamela Douglas, another of Mrs. Tucker's daughters, and Michelle Steege, one of Mrs. Tucker's granddaughters, appeal the trial court's appointment of Rich as guardian, contending she is unqualified. Because Mrs. Tucker passed away while this appeal was pending rendering the issue raised moot, we dismiss.[1]

# Facts and Procedural History

[2] Because of our resolution of this case, we need not delve into the facts in great detail and provide only a brief synopsis here. Mrs. Tucker has three daughters, Rich, Douglas, and Suzanne Evans. In 2004, Mrs. Tucker signed a durable power of attorney and health care power of attorney appointing Rich and Evans as attorneys in fact. In 2011, Mrs. Tucker signed a new durable power of attorney naming Rich and one of Rich's daughters as her attorneys in fact.

[3] In August 2014, Mrs. Tucker moved from her home in Speedway into Rich's home in Greencastle. In the spring of 2015, Steege and her family began residing in Mrs. Tucker's Speedway home and paying the mortgage under a renovation and caretaker agreement to improve the home for eventual sale. In

---

[1] The parties have made numerous motions in this appeal which are disposed by separate order issued on this date.

July 2015, Rich filed a petition seeking to be appointed guardian over Mrs. Tucker who had been diagnosed with dementia. In August 2015, Steege filed a motion to intervene in the guardianship due to her interest in the residence. In November 2015, Douglas filed a counter-petition seeking to be appointed guardian over Mrs. Tucker's person and requesting a corporate trust officer be appointed guardian over Mrs. Tucker's estate. Following a hearing at which all parties agreed Mrs. Tucker needed a guardian but could not agree who should act as guardian, the trial court appointed Rich guardian over the person and estate of Mrs. Tucker pursuant to Indiana Code section 29-3-5-5(a)(1) which gives priority to a person designated in a durable power of attorney when considering who to appoint as a guardian.

[4]     Douglas and Steege thereafter initiated this appeal. In its initial iteration, the appeal challenged the appointment of Rich as guardian of the person and estate of Mrs. Tucker. In November 2016, Douglas and Steege moved to withdraw their objection to the appointment of Rich as guardian of Mrs. Tucker's person, and proceed only with respect to the appointment of Rich as guardian of her estate. Then, in December 2016, Rich filed a notice with this court that Mrs. Tucker had passed away on December 5, 2016. Because of this, we issued an order for Douglas and Steege to show cause why this appeal should not be dismissed as moot. Douglas and Steege responded to this order and asked the appeal be decided on its merits to "correct[ ] a mistake made by the lower Court when appointing Mrs. Rich as [Mrs. Tucker's] Guardian [and] change the ruling [to] appoint a third party to review all of the accounts of Ms. Tucker[.]"

Appellant's Response to Show Cause for Appeal Case to Continue Despite Death of Protected Person at page 5.

# Discussion and Decision

[5] Guardianship proceedings are guided by statute. If the trial court determines the individual for whom a guardian is sought is an incapacitated person and the appointment of a guardian is necessary to provide care and supervision of the person and/or property of the incapacitated person, the trial court shall appoint a guardian. Ind. Code § 29-3-5-3(a). The trial court shall appoint as guardian a qualified person, taking into consideration several factors, including any request made by the incapacitated person in a durable power of attorney. Ind. Code § 29-3-5-4(1). The trial court shall also consider "[t]he best interest of the incapacitated person . . . and the property of the incapacitated person . . .," Ind. Code § 29-3-5-4(8), and act in that best interest, Ind. Code § 29-3-5-5(b). The guardian is a fiduciary who must, among other things, protect and preserve the property of the protected person subject to guardianship and conserve any property of the protected person in excess of that required for the protected person's current needs. Ind. Code § 29-3-8-3(2), (3).

[6] A guardianship terminates upon the death of the protected person. Ind. Code § 29-3-12-1(b)(2); *Estate of Prickett v. Womersley*, 905 N.E.2d 1008, 1011 (Ind. 2009). When a guardianship terminates for this reason, the powers of the guardian cease, except for specific actions directed by statute. Ind. Code § 29-3-12-1(e). The guardian "may pay the expenses of administration that are

approved by the court and exercise other powers that are necessary to complete the performance of the guardian's trust and may deliver the remaining property for which the guardian is responsible to the protected person's personal representative . . . ." *Id.* With court approval, the guardian may also pay certain expenses directly. *Id.* The guardian must also file a written verified account of the guardian's administration within thirty days of a guardianship terminating. Ind. Code § 29-3-9-6(a)(2). In this final accounting, the guardian is "bound to make full disclosure to the court of his transactions, and the law requires of him the exercise of the utmost good faith." *Slanter v. Favorite*, 107 Ind. 291, 4 N.E. 880, 884 (1886). The trial court must conduct a hearing on such verified account after giving notice to each person entitled to notice that an accounting has been filed and the court will act upon it on the date set in the notice unless written objections are presented to the court. Ind. Code § 29-3-9-6(d). Among those entitled to notice are adult children of the protected person, and in the case of a protected person who has died, the personal representative of the protected person's estate. Ind. Code § 29-3-9-6(d)(1), (2). When the trial court is satisfied that the guardian has delivered to the appropriate persons all property for which the guardian is responsible, the court shall enter an order of discharge which operates as a release from all duties of the guardian's office. Ind. Code § 29-3-9-6(h).

[7] The termination of the authority and responsibility of the guardian "does not affect the liability of the guardian for prior acts or the obligation to account for the guardian's conduct of the guardian's trust." Ind. Code § 29-3-12-5.

However, the trial court's order of discharge acts as a bar to any suit against the guardian unless the suit is commenced within one (1) year from the date of the discharge. Ind. Code § 29-3-9-6(h).

[8] With that statutory framework in mind, we turn to this appeal. Douglas and Steege appeal the Order on Permanent Guardianship. In that order, the trial court appointed Rich, who had been named as Mrs. Tucker's attorney in fact in two successive durable power of attorney documents, as guardian over the person and estate of Mrs. Tucker. The trial court did so after a hearing at which Douglas and Steege presented their case for why they believed Rich was an inappropriate person to be named guardian, primarily objecting to how Rich had used Mrs. Tucker's monthly income. Therefore, on appeal, Douglas and Steege raised the sole issue of whether the trial court abused its discretion in appointing Rich as guardian because she was not qualified and would not act in Mrs. Tucker's best interests.[2]

[9] When Mrs. Tucker passed away, the guardianship terminated and Rich's authority as guardian ceased except for the limited powers she is granted by statute to wrap up the administration of the guardianship with the approval of the court. The issue raised by Douglas and Steege is therefore moot. *See In re Commitment of J.M.*, 62 N.E.3d 1208, 1210 (Ind. Ct. App. 2016) (noting an issue

---

[2] All trial court orders in a guardianship proceeding are in the discretion of the court. Ind. Code § 29-3-2-4(a). Any other relief requested by Douglas and Steege in their brief is beyond the scope of appellate review. *See* Brief of Appellant (Corrected) at 36-43 ("Requests for Orders").

is moot when the court is unable to render effective relief to the parties). Issues related to events occurring after the trial court's order appointing Rich are not properly before this court at this time. Rich will be required to file a final accounting with the trial court before she may be discharged, and Douglas is statutorily entitled to notice when that accounting is filed. Douglas will have an opportunity to file written objections to the accounting at that time if she believes it shows misconduct or has been fraudulently compiled. Only after the trial court receives the final accounting and issues an order discharging Rich will there be a final order regarding the conduct of the administration of Mrs. Tucker's estate.

# Conclusion

The guardianship terminated upon Mrs. Tucker's death and the question of who should be guardian of her person and her estate is therefore moot. This appeal is dismissed.

Dismissed.

Kirsch, J., and Barnes, J., concur.